# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| EVERETT TOBIAS WILCOX, | : | CIVIL ACTION |
| Plaintiff/Counterclaim-Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| CAPITAL MORTGAGE CORPORATION, | : | |
| | : | |
| Defendant/Counterclaim-Plaintiff. | : | NO. CV507-015 |

## ORDER

Plaintiff, Everett Tobias Wilcox, filed a pro se complaint against Defendant, Capital Mortgage Corporation, alleging predatory lending practices and wrongful foreclosure conduct. Presently before the Court is Defendant's motion for summary judgment. Because Wilcox has not asserted a viable basis for recovery, Capital Mortgage's motion will be **GRANTED**.

## BACKGROUND

As amended, Plaintiff's complaint alleges that Defendant engaged in abusive lending practices in connection with two loans that he secured to construct a church in Alma, Georgia. Wilcox also asserts that the foreclosure of

the same property violated the law in several respects, particularly faulting Capital Mortgage for violating his constitutional right to due process of the law.

Relatedly, Wilcox complains that Capital Mortgage failed to provide him with a loan at a lower interest rate, 7.99% per year, which he had been promised.  Plaintiff also alleges that Defendant's agent left a harassing voice-mail message on his telephone that advised him to remove his personal property and church pews from the church building before the foreclosure sale.  According to Wilcox, some of Capital Mortgage's conduct was motivated by the fact that he is a poor black man who does not have a lawyer representing his interests.

On May 3, 2007, Defendant filed a counterclaim, which asserts that Plaintiff continues to owe it a post-foreclosure debt on the loans that it made to him.

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any

2

material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor. . . ", United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

Courts construe pro se complaints more liberally than complaints drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). "We give a 'liberal' reading to pro se filings because those litigants lack formal legal training." Lampkin-Asam v. Volusia County Sch. Bd., 261 Fed. Appx. 274, 277 (11th Cir. 2008). "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Nonetheless, "this leniency does not permit the district

3

court to act as counsel for a party or to rewrite deficient pleadings." Lampkin-Asam, 261 Fed. Appx. at 277.

**DISCUSSION**

On June 26, 2008, Defendant filed a motion to dismiss Plaintiff's amended complaint, asserting that the Court lacked personal and subject matter jurisdiction over Wilcox's allegations against it. On July 15, 2008, the Court held a status conference in the case, and gave Wilcox an opportunity to explain the facts of his case to the Court. At the hearing, the Court converted Capital Mortgage's motion to dismiss to a motion for summary judgment, and gave the parties fifteen days to submit any additional evidence, argument, or authority in support of, or in opposition to, Defendant's motion. See Dkt. No. 22.

Plaintiff failed to respond to the Court's order requiring him to show cause why his complaint should not be dismissed for failure to participate in the preparation of a pretrial order, even though the Court required him to do so on two different occasions. Dkt. No. 15; Dkt. No. 18 at 3. Likewise, Wilcox failed to file a timely response to

4

Defendant's motion to dismiss, which was due on July 14, 2008. Dkt. No. 18 at 3.

Moreover, Wilcox's most recent submission to the Court is not responsive to the Court's order, or Defendant's motion. Wilcox's response is styled "Answers and Counterclaim," and it purports to assert entirely new, or different, claims against Capital Mortgage for (1) intentional misrepresentation, (2) negligent misrepresentation, (3) unlawful and deceptive trade practices, and (4) wrongful foreclosure. Dkt. No. 23 at 3-5.[1] However, Wilcox failed to respond to the arguments raised in Capital Mortgage's dispositive motion. Dkt. No. 17.

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

---

[1] According to Defendant, Plaintiff's response consists of the same documents that he filed as a response to a dispossessory proceeding filed by Capital Mortgage in the Magistrate Court of Bacon County, Georgia. Dkt. No. 24 at 2.

5

Accordingly, under Rule 56, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop., 363 F.3d 1099, 1101 (11th Cir. 2004). That is not to say that there is a burden on "the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995).

I. **Personal Jurisdiction and Venue**

Capital Mortgage asserts that the Court lacks personal jurisdiction over it. According to Wilcox, Capital Mortgage loaned money to him to build a church in Alma, Georgia. Wilcox's claims relate to that loan and Capital Mortgage's foreclosure on the property.

Putting aside the fact that Capital Mortgage's business headquarters are in Atlanta, which establishes general personal jurisdiction in Georgia over Defendant, Wilcox's cause of action arose from Capital Mortgage's contacts and conduct in the Southern District of Georgia, which establishes the Court's specific personal jurisdiction over

Defendant with respect to this lawsuit. See Int'l Shoe Co. v. Wash., 326 U.S. 310 (1945); McGee v. Int'l Life Ins. Co., 355 U.S. 220 (1957); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980); Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

Capital Mortgage also argues that venue is improper in the Southern District of Georgia. Yet, the facts giving rise to this dispute occurred in the Southern District of Georgia, and venue is always proper where "a substantial part of the events . . . giving rise to the claim occurred[.]" See 28 U.S.C. § 1391(b)(2). Therefore, the Court does have personal jurisdiction over Defendant, and venue is proper.

## II. **Merits**

As set forth above, Wilcox has complained of several distinct actions of Capital Mortgage in connection with his loan and the foreclosure on the property thereafter.

### A. **Due Process Claim**

Wilcox has asserted that the foreclosure was conducted in violation of his due process rights under the Fourteenth

7

Amendment to the Constitution. Nonetheless, Capital Mortgage has produced a document executed by Wilcox that provided that Wilcox waived "any and all rights which Grantor may have under the fifth and fourteenth amendments to the Constitution of the United States." Dkt. No. 17, Ex. D. Based on the evidence before the Court, summary judgment is proper in Capital Mortgage's favor as to Wilcox's due process claim.

B. **Predatory Lending Allegations**

Wilcox also maintains that Capital Mortgage charged him an unreasonably high interest rate, in connection with the loans it made to him, of nearly 17% per annum. Capital Mortgage asserts that whether an interest rate is usurious or lawful is a matter of state law, and that, as is applicable here, Georgia law permits loans with interest rates not exceeding 60% per annum. Ga. Code Ann. §§ 7-4-2 & 7-4-18. Defendant has submitted evidence establishing that the interest rates on the loans made to Plaintiff, at 16.5% per annum, did not violate state law. Dkt. No. 17, Exs. B & C.

Wilcox has also stated that he was wrongfully denied an approved loan at a lower interest rate, 7.99% per annum, based on an unsigned, hand-written note allegedly written by Dr. A. W. Carswell, Sr. See Dkt. No. 17, Ex. E. Capital Mortgage points out that this note contains no reference to it, and asserts that Carswell was Wilcox's agent, not an agent of Capital Mortgage. Dkt. No. 17, Ex. F, Lipsitz Aff., ¶ 4.

Capital Mortgage asserts that this evidence provides no basis on which a reasonable jury could find Capital Mortgage liable based on any federal or state law ground. Wilcox has not brought forth evidence that Capital Mortgage could be liable for usury lending under state law, or that Capital Mortgage could be held responsible for Carswell's alleged representation. Summary judgment is appropriate in Defendant's favor as to these claims.

## C. **Defendant's Other Foreclosure Conduct**

Plaintiff faults Defendant for conducting the foreclosure without allowing him to exhaust additional appeals of the dismissal of his Chapter 13 bankruptcy case. However, Defendant has produced evidence demonstrating that

9

U.S. Bankruptcy Judge John S. Dalis granted Capital Mortgage relief from the automatic stay so it could foreclose on the property. Dkt. No. 17, Ex. A.[2]

Finally, Plaintiff complains that he received a harassing telephone message from Ronald Lipsitz, Defendant's CEO, which directed Wilcox to remove his property from the church prior to the foreclosure auction. As Defendant notes, it is not apparent from these allegations that any state or federal law was violated based on the phone call made by Lipsitz.

The Court concludes that summary judgment is proper as to Wilcox's complaints of improper foreclosure conduct by Capital Mortgage.

---

[2] Plaintiff also complained that the foreclosure sale was not conducted on the advertised date, but Defendant's attorney maintains that he conducted the sale at 10:15 a.m. on the advertised date. Dkt. No. 17 at 2. Wilcox has produced no evidence to the contrary, which dooms any claim he may have had with respect to this allegation. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116-17 (11th Cir. 1993). The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond by affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

**CONCLUSION**

For the reasons described above, Defendant's motion for summary judgment is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in Defendant's favor as to all the claims asserted against it by Plaintiff. Capital Mortgage's counterclaim against Wilcox remains pending before the Court.

**SO ORDERED,** this  25th  day of August, 2008.

                                    _____
                                    JUDGE, UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF GEORGIA